## Commonwealth v. Baddorf

*E. Leroy Keen*, assistant district attorney, and *Carl B. Shelley*, district attorney, for Commonwealth.

*Sidney E. Friedman*, for defendant.

WICKERSHAM, J., May 2, 1941.—Upon information filed with a justice of the peace charging defendant

with violating the speed limit of this Commonwealth, defendant waived hearing and gave bond for his appearance in court. The information recites, inter alia, as follows:

". . . that in Washington Township, County of Dauphin, on the 16th day of November A. D. 1940, Newman M. Baddorf, defendant above named, did unlawfully operate a Ford sedan, bearing 1940 Penna. registration number 1714A on a public highway, route number 209. . . . In that . . . defendant at or about the hour of 9:10 p.m. (e. s. t.), did . . . operate said motor vehicle . . . at a rate of speed of 60 miles per hour, when the rate of speed of this particular kind, type, and class of motor vehicle is 50 miles per hour. This in violation of subsection B, Section 1002, Article 10, Act 403 P. L. 1929, as amended by Act 263 approved June 22, 1931, as amended by Act 355 approved July 16, 1935, as amended by Act 360 approved June 5, 1937, as amended by Act 400 approved June 27, 1939.

"The rate of speed of this motor vehicle timed for a distance of not less than ¼ mile, by a peace officer using a Ford coach, with 1940 Pennsylvania Registration Number 74415, equipped with a speedometer tested for accuracy, by an official speedometer testing station, within a period of thirty (30) days prior to the alleged violation, as required by law."

At the hearing before the court the only witness appearing against defendant was the Commonwealth's officer who had filed the information with the justice of the peace.

In Commonwealth v. Obenreder, 40 D. & C. 155, it was held:

"Section 1002 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 27, 1939, P. L. 1135, sec. 23, providing that in prosecutions for speeding an official certificate from an official speedometer-testing station as to the accuracy of the speedometer on the car driven by the policeman who timed

defendant shall be prima facie evidence of the accuracy of the speedometer, is violative of article I, sec. 9, of the Constitution of Pennsylvania, giving defendants in criminal prosecutions a right to meet the witnesses against them face to face."

It was stated by McCracken, P. J., writing the opinion for the court, as follows (p. 156) :

"Article I, sec. 9, of the Constitution of this Commonwealth provides, inter alia, as follows: 'In all criminal prosecutions the accused hath a right . . . to meet the witnesses face to face . . .'

"Certainly the presentation of a certificate with no evidence as to the person issuing the same, nor of the fact that a test was made and no opportunity granted the accused to face the witnesses making the test and the certificate and to examine them is a violation of the constitutional guaranty.

" 'The question of the admissibility of a certificate of inspection under section 1002 ($d$) as proof of the fact that a test had been made has been before the lower courts, and with unanimity, certificates of this nature have been properly rejected as evidence . . .' "

In accordance with the foregoing decision we are of opinion that the second paragraph of the information, above quoted, relating to the testing of the speedometer of the vehicle which timed defendant's speed, does not meet the constitutional requirement, above quoted, that "the accused hath a right . . . to meet the witnesses face to face"; nor would an official certificate from an official speedometer-testing station as to the accuracy of the speedometer on the vehicle driven by the policeman who timed defendant's speed meet such constitutional requirement. We think, therefore, the appeal must be sustained and defendant discharged for lack of proper evidence against him.

And now, May 2, 1941, the appeal is sustained, and defendant is discharged. Costs to be paid by the County of Dauphin.